UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Henriques Casimiro Dianzenza,
     Petitioner

    v.                                      Case No. 26-cv-505-SM-AJ
                                        Opinion No. 2026 DNH 083

Christopher Brackett, Superintendent
of the Strafford County Department
of Corrections, et al.,
     Respondents


**O R D E R**


Henriques Casimiro Dianzenza is a civil immigration detainee from Angola.  He brings this habeas corpus petition seeking a court order directing the federal respondents to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker.  See generally 28 U.S.C. § 2241.  On June 17, 2026, the respondents were directed to show cause why the court should not grant the petition to the extent it seeks an order directing them to afford petitioner a bond hearing based upon his apparent membership in the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), and/or his similarity to the petitioner in Destino v. FCI Berlin, Warden, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

The federal respondents filed their response to the order to show cause on June 23, 2026, in which they maintain that Destino and Guerrero Orellana were wrongly decided, assert that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225, and object to the court granting the relief he seeks.  See Response to Order to Show Cause (document no. 6).  Nevertheless, they acknowledge that petitioner is similarly situated to the petitioner in Destino. They also concede that if the court were to apply Destino's reasoning to the facts presented in this case, it would reach the same result.

### Conclusion

The respondents have failed to show cause why the court should not order them to afford petitioner a bond hearing before an immigration judge (IJ).  Because the court concludes that the reasoning in Destino applies in this case, the Petition for Writ of Habeas Corpus (document no. 1) is granted, in part.  The respondents are ordered to provide petitioner with a constitutionally adequate bond hearing before an IJ as soon as practicable, at which the government will bear the burden to either: (1) prove by a preponderance that petitioner is a flight risk; or (2) prove by clear and convincing evidence that he poses a danger to the community.  See Destino, 2025 WL 4010424

2

at *8.  See also Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st

Cir. 2021).


If the government fails to provide a bond hearing, the

court will set appropriate terms and conditions of the

petitioner's release during the pendency of his removal

proceedings.


The government shall file a status report within fourteen

days.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 25, 2026

cc:  Counsel of Record